Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| RICARDO J. RIVERA ORTIZ<br>Apelante<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA, por conducto del SECRETARIO DE JUSTICIA Y OTROS<br>Apelados | KLAN202300669 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2023cv03549<br><br>Sobre:<br>Petición de Orden |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece el señor Ricardo Rivera Ortiz (señor Rivera Ortiz o apelante), mediante recurso de apelación, solicitando la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, (TPI), el 13 de julio de 2023. Mediante este dictamen, el foro primario desestimó la reclamación de daños y perjuicios presentada por el señor Rivera Ortiz en contra del Departamento de la Familia (DF), por falta de jurisdicción sobre la materia y la persona.

Examinados los asuntos ante nuestra atención, modificamos el dictamen apelado.

## **I. Resumen del tracto procesal**

El 25 de abril de 2023, el señor Rivera Ortiz presentó una reclamación contra el DF ante el TPI, al amparo de la ley federal USERRA, infra. Adujo allí que, el 8 de agosto de 2022, sometió una solicitud de empleo para un puesto de chofer de mensajería en la referida

NÚMERO IDENTIFICADOR

SEN2023_____

agencia pública. Como parte de sesta solicitud, aseveró haber acreditado su experiencia como chofer en el ejército. Sin embargo, el DF le requirió presentar evidencia adicional de experiencia laboral, por lo cual sometió copia de una declaración jurada, suscrita por un compañero militar, quien constató que ocupó el puesto de chofer mientras estuvo en el servicio militar.

Luego de que el DF evaluara la solicitud de empleo sometida por el peticionario, lo declaró inelegible para ocupar el puesto de chofer, concluyendo que tenía poca experiencia.

En respuesta al rechazo por el DF de su solicitud de empleo, el peticionario instó una reclamación ante el Departamento del Trabajo Federal (DTF), al amparo de USERRA, infra. No obstante, el 18 de enero de 2023, el DTF le envió una carta de cierre de la querella, indicando que, basado en la información obtenida durante su investigación, no encontraron evidencia suficiente para determinar que hubo una violación a la ley USERRA.

Es a raíz de lo anterior que el señor Rivera Ortiz instó la demanda ante el TPI bajo discusión, en la fecha antes precisada, aduciendo haber sufrido pérdida sustancial de ingresos y otros beneficios laborales, por el alegado incumplimiento del DF con USERRA al no emplearlo.

Según la documentación ante nuestra atención, el peticionario emplazó por dicha demanda al DF, por conducto del Secretario de Justicia, el 4 de mayo de 2023. En el *Certificado de diligenciamiento por el alguacil* se dejó constancia, entre otras, de la fecha del diligenciamiento, ya indicada, y de que fue recibido por la representante del Secretario de Justicia, Domingo Emanuelli Hernández, a través de la licenciada Peñagarícano Brown, Secretaria Auxiliar de lo Civil en el Departamento de Justicia (DJ).

Contrario a ello, el 30 de junio de 2023, el DF presentó *Comparecencia Especial* en *Solicitud de Desestimación,* sin someterse a la jurisdicción del Tribunal, por falta de jurisdicción sobre la persona y sobre la materia. Sobre el primero de estos asuntos, arguyó que no se había emplazado al Estado Libre Asociado de Puerto Rico (ELA), quien le suple la capacidad al Departamento de la Familia, que carece de personalidad jurídica. En cuanto a la ausencia de jurisdicción sobre la materia, esgrimió que por disposición expresa de ley, la Comisión Apelativa del Servicio Público (CASP) es el foro con jurisdicción exclusiva para atender la reclamación del señor Rivera Ortiz, estando la reclamación asociada a un área esencial del principio de mérito, *reclutamiento y selección.*

Ante lo cual, el 6 de julio de 2023, el señor Rivera Ortiz presentó *Oposición a Comparecencia Especial* en *Solicitud de Desestimación.* En lo pertinente, adujo que, según el *Certificado de diligenciamiento por alguacil,* el emplazamiento fue diligenciado en el DJ, por conducto de la licenciada Peñagarícano Brown, Secretaria Auxiliar de lo Civil en el DJ. Por tanto, arguyó que el emplazamiento se diligenció al representante del ELA, conforme a lo dispuesto en la Regla 4.4 de Procedimiento Civil, infra. Sobre la alegada jurisdicción exclusiva de la CASP para atender la controversia planteada en la demanda, adujo que más bien se trata de un tema sobre jurisdicción concurrente del foro administrativo y el judicial, por lo que haber elegido el TPI para presentar la demanda no constituye, de suyo, causa para su desestimación.

Es así como, el 13 de julio de 2023, el foro apelado emitió la *Sentencia* cuya revocación nos solicita el señor Rivera Ortiz, acogiendo los argumentos esgrimidos en la *Comparecencia Especial* en *Solicitud de Desestimación,* ya expuestos.

En desacuerdo, acude ante nosotros el señor Rivera Ortiz, mediante *recurso de apelación,* planteando los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al declarar que el Secretario de Justicia no fue debidamente emplazado a pesar de la prueba presentada.

2. Erró el Tribunal de Primera Instancia al interpretar la ley USERRA y concluir que dicha ley no le confiere a los tribunales del estado jurisdicción cuando el propio estado es el empleador.

Una vez dispusimos de varios asuntos procesales ocurridos a nivel apelativo, compareció el DF, mediante *Alegato del Estado,* a través del cual, *de manera especial,* solicitó la confirmación de la *Sentencia* apelada, o, en la alternativa, su modificación a los fines de decretar el archivo del caso, hasta tanto la CASP resuelva los asuntos para los cuales posee jurisdicción exclusiva.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II.   Exposición de Derecho

### A. Emplazamiento del ELA

El emplazamiento es el mecanismo procesal por el cual se le notifica a la parte demandada sobre la existencia de una reclamación instada en su contra. *Rivera Marrero* v. *Santiago Martínez,* 202 DPR 462 (2019); *Rivera* v. *Jaume,* 157 DPR 562, 575 (2002). A su vez, esta notificación le permite al tribunal adquirir jurisdicción sobre la persona demandada quedando así éste obligado por el dictamen que en su día recaiga. *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018); *Márquez v. Barreto,* 143 DPR 137, 142 (1997). En lo pertinente a la controversia ante nos, la Regla 4.4(f) y (g) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4 (f) y (g), dispone lo siguiente:

El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su

inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:

(f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe.

(g) A un funcionario o una funcionaria, o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o dicha funcionaria, o al jefe ejecutivo o jefa ejecutiva de dicha dependencia. Además, será requisito indispensable que en todos los pleitos que se insten contra un funcionario funcionaria o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o la Secretaria de Justicia o a la persona que designe. Si la dependencia es una corporación pública, se entregará las copias según lo dispuesto en la Regla 4.4(e). Regla 4.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.2.

[…].

En *Fred y otros* v. *ELA,150 DPR 599, 606 (2000),* se resolvió que: las corporaciones públicas se emplazan según lo dispuesto en la Regla 4.4 (e) de la de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4(e); las *instrumentalidades* que no sean corporaciones públicas, según la Regla 4.4(g) citada y, cuando se trate del Estado propiamente, se recurrirá a la Regla 4.4(f), supra. Además, en *Cirino González* v. *Adm. Corrección,* 190 DPR 14, págs. 32-33, se estableció que se debe de diferenciar entre aquellas entidades gubernamentales que no tienen personalidad jurídica propia y las que sí la tienen. **Cuando la entidad no posea personalidad jurídica propia, el verdadero demandado es el Estado Libre Asociado, por lo que se debe recurrir a las Regla 4.4(f)**. Por tanto, de ser esta última la situación, no es necesario emplazar al jefe de agencia para adquirir jurisdicción sobre el Estado. J.A. Echevarría Vargas, Procedimiento Civil puertorriqueño, San Juan, [ed. del autor], 2012, págs. 68–69.

Por otro lado, se ha abundado en la distinción entre las instrumentalidades públicas y las corporaciones públicas, reconociendo que "en nuestra legislación, el concepto "instrumentalidad" no tiene significado concreto. *Fred y otros* v. *E.L.A.*, 150 DPR 599, 606 (2000). En atención a ello, se resolvió que una corporación pública tiene facultad para demandar y ser demandada y, a su vez, genera sus propios fondos. Por el contrario, una "instrumentalidad" pública, aunque tiene personalidad jurídica propia y puede demandar y ser demandada, no genera sus propios fondos, pues estos provienen del ELA. *Íd*, págs. 606–607. Al lidiar con ese tipo de entidad gubernamental, el emplazamiento al Estado Libre Asociado es inválido si se notifica solo al jefe de la entidad gubernamental, pero no se emplaza al Secretario de Justicia. Echevarría Vargas, op. cit., pág. 68. Por esta razón, cuando se demanda a instrumentalidades del ELA, también se tiene que emplazar al Secretario de Justicia, según lo dispone la Regla 4.4(g), supra, a distinción de una agencia pública carente de personalidad jurídica, a la que basta con emplazar al Secretario de Justicia, Regla 4.4(f).

Como explica Cuevas Segarra, "[c]uando se demanda a un departamento ejecutivo del Gobierno, sin personalidad propia para demandar y ser demandado, la verdadera parte de la demanda es el ELA y no el Departamento. La inclusión del Departamento como parte querellada o demandada es improcedente y superflua y debe eliminarse." J.A. Cuevas Segarra, Tratado de derecho procesal civil, San Juan, Pubs. JTS, 2000, T. I, pág. 168. Como regla general, un departamento ejecutivo no tiene personalidad jurídica distinta y separada del Estado Libre Asociado de Puerto Rico y, por lo tanto, no puede demandar sin ser demandado independientemente del Estado. Véase *Fred y Otros*, supra, págs. 605–607. Véase, además, Cuevas Segarra, op. cit., pág. 168.

### B. La jurisdicción sobre la materia, primaria y concurrente

a.

La jurisdicción sobre la materia se refiere *a la capacidad de un tribunal para atender y resolver una controversia sobre un aspecto legal. Cancel Rivera v. González Ruiz,* 200 D.P.R. 319, 10-11 (2018). En reiteradas ocasiones, nuestro más alto foro ha indicado que *para privar a un tribunal de su autoridad para conocer sobre algún asunto en particular, es necesario que algún estatuto expresamente así lo disponga o que ello surja del mismo por implicación necesaria. Mun. de Arecibo v. Mun. de Quebradillas,* 161 DPR 109, 114 (2004), citando a *J. Directores v. Ramos,* 157 DPR 818 (2002); *Lagares v. E.L.A.,* 144 DPR 601 (1997).

La falta de jurisdicción sobre la materia produce las siguientes consecuencias, que son inexorablemente fatales: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal, ni el tribunal puede arrogársela; y (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos. *Vázquez v. A.R.P.E.,* 128 DPR 513, 537 (1991). Una vez el tribunal determina que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso. Regla 10.8(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.8; *Shell v. Srio. Hacienda,* 187 DPR 109, 124 (2012); *González v. Mayagüez Resort & Casino,* a la pág. 855; *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 326 (1997). *González Santos v. Bourns P.R., Inc.,*125 DPR 48, 63 (1989).

b.

Entre las doctrinas de abstención judicial, se encuentra la doctrina de jurisdicción primaria. Esta atiende el problema de determinar si el foro con jurisdicción para ventilar una controversia en primera instancia es el tribunal o la agencia administrativa, lo cual establece un sistema de prelación o prioridad jurisdiccional. *Oficina del Paciente v.*

*MCS,* 163 DPR 21 (2004); *Asoc. Pesc. Pta. Figueras v. Pto. del Rey,* 155 DPR 906, 921 (2001); *Mun. de Caguas v. AT&T,* 154 DPR 401, 410 (2001); *Aguilú Delgado v. P.R. Parking System,* 122 DPR 261, 266 (1988). La doctrina de jurisdicción primaria tiene dos modalidades: (1) la jurisdicción primaria concurrente; (2) la jurisdicción primaria exclusiva. *Rivera Ortiz v. Mun. de Guaynabo,* 141 DPR 257, 267 (1996) citando a *Paoli Méndez v. Rodríguez,* 138 DPR 449, 469 (1995).

La jurisdicción primaria concurrente alude a que tanto el foro judicial, como el administrativo, tienen simultáneamente jurisdicción legal para entender en la controversia, pero usualmente el foro judicial le brinda deferencia al foro administrativo para entender en la controversia. Esto último encuentra su fundamento en la teoría de que, *presuntamente* (añadimos), *los foros administrativos están mejor equipad[o]s que los tribunales debido a su especialización y al conocimiento obtenido a través de la experiencia. Ortiz v. Panel F.E.I.,* 155 DPR 219, 243 (2001). Por lo tanto, como regla general, se debe aplicar esta norma de abstención, *en casos en los cuales el peritaje de la agencia sea indispensable para resolver la controversia, ya que los tribunales [son] de justicia y no centros académicos para dirimir sutilezas técnicas. Ortiz v. Panel F.E.I., supra,* a la pág. 244, citando a *Quiñones v. A.C.A.A.,* 102 DPR 746, 749-50 (1974), voto separado del Juez Asociado Señor Irizarry Yunqué. Ahora bien, si las controversias traídas ante el foro judicial "no requieren el peritaje o el conocimiento especializado de la agencia, el foro judicial no tiene por qué abstenerse de ejercer su autoridad ordinaria para atender el asunto ante su consideración". *Báez Rodríguez v. E.L.A.,* 179 DPR 231, 240 (2010).

La **jurisdicción primaria exclusiva** se refiere a que una ley o un estatuto le confiere jurisdicción a determinado ente administrativo como único foro con facultad para resolver, inicialmente, determinada controversia. Por tanto, si una agencia cuenta con la jurisdicción

primaria exclusiva, *los tribunales no tendrán autoridad para dilucidar el caso en primera instancia*". *Semidey Ortiz v. Consorcio Sur-Central,*a la pág. 677; *Municipio Arecibo v. Municipio Quebradillas*, 163 DPR 308, 327 (2004). Ha sido enfatizado que *[p]ara determinar si la ley le confiere o no jurisdicción exclusiva a un organismo administrativo, aun cuando la designación de jurisdicción exclusiva debe ser clara y precisa, el legislador no siempre utiliza el término "exclusiva"*. *Báez Rodríguez v. E.L.A.*, *supra* a la pág. 241. De conformidad, *[p]ara privar a un tribunal de jurisdicción general de su autoridad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria. Junta Dir. Cond. Montebello v.* Fernández, 136 DPR 223 (1994) (Sentencia).

### C. Jurisdicción de la Comisión Apelativa de Servicio Público (CASP)

La Ley Núm. 182-2009, conocida como la *Ley de Reorganización y Modernización de la Rama Ejecutiva de 2009*, 32 LPRA sec. 8821 *et seq.*, estableció el Plan de Reorganización Núm. 2-2010, mediante el cual se creó la CASP. La CASP es "un organismo cuasi-judicial de la Rama Ejecutiva, que se especializa en asuntos obrero-patronales y del principio de mérito". *Colón Rivera et al. v. ELA*, 189 DPR 1033. Esta fue creada para atender casos laborales, de administración de recursos humanos y querellas de los empleados públicos. *Íd.*

En referencia al mencionado *principio de mérito,* ha sido descrito como:

> [C]oncepto de que todos los empleados públicos serán **seleccionados**, ascendidos, retenidos y tratados en todo lo referente a su empleo sobre la base de la capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por sus ideas políticas o religiosas, por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, condición de veterano, ni por impedimento físico o mental. La antigüedad será un factor en casos de igual capacidad e idoneidad.

Artículo 3 del Plan de Reorganización Núm. 2-2010, 3A LPRA Ap. XIII. (Énfasis suplido).

Sobre lo mismo, nuestro Tribunal Supremo ha expresado que *las acciones relacionadas al principio de mérito son: clasificación de puestos,* ***reclutamiento*** *y selección de ascensos, traslados y descensos, adiestramiento y retención.* (Énfasis provisto). *Colón Rivera et al. v. ELA,* supra, pág. 1051. De igual forma, entre las facultades, funciones y deberes dispuestos en el Artículo 8, inciso (l) de la Ley 2-2010, se encuentran que la CASP:

Atenderá toda querella o apelación que se presente oportunamente y que concierna a su jurisdicción, para lo cual deberá interpretar, aplicar y hacer cumplir las disposiciones de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, conocida como la "Ley para la Administración de los Recursos Humanos en el Estado Libre Asociado de Puerto Rico" [1]

A su vez, la CASP tiene, entre otras, las siguientes facultades:

…

(c) realizar, a petición de parte o por iniciativa propia, todas las audiencias, vistas públicas o privadas, reuniones, encuestas e investigaciones que, en opinión de la Comisión, sean necesarias y adecuadas para el ejercicio de las facultades que le confiere este Plan. A tales fines, la Comisión o su representante tendrá acceso a cualquier evidencia de cualquier persona que esté siendo investigada o contra la cual se haya procedido y que se refiera a cualquier asunto que esté investigando la Comisión o que esté en controversia;

(d) expedir citaciones para requerir la comparecencia y declaración de testigos, requerir la presentación o reproducción o cualesquiera papeles, libros, documentos y otra evidencia pertinente a una investigación o querella ante su consideración. Cuando un testigo debidamente citado no comparezca a testificar o no produzca la evidencia que le sea requerida o cuando rehúse contestar alguna pregunta o permitir la inspección solicitada conforme a las disposiciones de este Plan, la Comisión podrá requerir por sí o solicitar el auxilio de cualquier Tribunal de Primera Instancia para la asistencia a una vista, declaración, reproducción de documentos o la inspección requerida, sujeto a lo dispuesto

---

[1] Derogada y sustituida por la Ley 8-2017] y reglamentación vigente, en todo lo relativo a la administración de los recursos humanos y la relación obrero patronal.

en la Ley Núm. 27 de 8 de diciembre de 1990, según enmendada, conocida como la "Ley de Procedimiento y Concesión de Inmunidad a Testigos";

...

(i) conceder los remedios que estime apropiados y emitir las órdenes que sean necesarias y convenientes conforme a las leyes aplicables. Esto incluye, entre otras, órdenes provisionales o permanentes de cesar y desistir; órdenes para la reposición de empleados suspendidos o destituidos, con o sin el abono de la paga atrasada dejada de percibir y la concesión de todos los beneficios marginales a los cuales los empleados hubiesen tenido derecho durante el período de suspensión o destitución; órdenes imponiendo sanciones económicas o procesales a agencias, funcionarios o representantes legales por incumplimiento o dilación de los procedimientos; y órdenes imponiendo sanciones a agencias, organizaciones sindicales o representantes exclusivos, incluyendo la descertificación de estos últimos;

(j) conceder indemnizaciones por daños y perjuicios e imponer multas administrativas en todo tipo de discrimen que sea aprobado por los empleados que acuden ante este foro, sin menoscabo de los "Comisión Apelativa del Servicio Público" [Plan de Reorganización 2-2010] Rev. 21 de enero de 2021 www.ogp.pr.gov Página 7 de 18 derechos de los servidores públicos de recurrir al foro judicial para el reclamo de daños y perjuicios cuando no lo reclamen ante la Comisión. Artículo 8 del Plan de Reorganización Núm. 2-2010, 3A LPRA Ap. XIII.

...

La CASP tendrá jurisdicción exclusiva sobre apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios, en los casos y por las personas que se enumeran a continuación:

a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada [Nota: Derogada y sustituida por la Ley 8-2017], la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como la "Ley de Municipios Autónomos", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

...

b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir **o ingresar** en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;

...

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos. Artículo 12 del Plan de Reorganización Núm. 2-2010, 3A LPRA Ap. XIII.

(Énfasis provisto).

### D. Jurisdicción bajo USERRA

La ley federal Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. sec. 4301 *et seq.*, (USERRA), fue promulgada por el Congreso de Estados Unidos para preservar los derechos de aquellas personas que se ausentan de su empleo por un periodo de tiempo para prestar servicio militar, y para prohibir el discrimen en el empleo contra estas. 38 U.S.C. sec. 4301.

En lo pertinente, la §4323, inciso (b) de USERRA establece que:

(b) Jurisdiction.—(1) In the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action.

(2) In the case of an action against **a State** *(as an employer)* by a person, the action may be brought in a State court of competent jurisdiction **in accordance with the laws of the State.**

(3) In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

(Énfasis provisto).

De lo anterior surge que, sin duda, bajo USERRA se puede instar una reclamación en el foro estatal, no obstante, el promovente deberá acatar las leyes estatales correspondientes a la causa de acción presentada.

### III. Aplicación del Derecho a los hechos

Como se desprende del tracto procesal que efectuamos, son dos los asuntos esenciales que debemos dilucidar, reducibles a lo siguiente: (1) si el ELA fue debidamente emplazado; (2) si, determinado que la CASP tenía jurisdicción exclusiva sobre el reclamo presentado por el apelante ante el TPI, se justificaba la desestimación de dicha causa de acción. A continuación, serán discutidos ambos asuntos, en el orden enumerado.

a.

Al iniciar la discusión sobre si el TPI adquirió jurisdicción sobre la persona del ELA, a través del emplazamiento que le fuera diligenciado personalmente a una representante del Departamento de Justicia, conviene partir de unos entendidos mínimos no cuestionados. El primero de tales es que, al revisar la Ley Orgánica del Departamento de la Familia, Ley Núm. 171 de 30 de junio de 1968, según enmendada, 3 LPRA sec. 211 *et seq.*, resulta evidente que este es una entidad gubernamental que no posee personalidad jurídica para demandar o ser demandada. De esto se sigue que, siendo el Departamento de la Familia una agencia pública carente de personalidad jurídica, el diligenciamiento del emplazamiento se hará al ELA, (no propiamente al DF), entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe, según lo dispone la Regla 4.4(f) de Procedimiento Civil, supra.

Otro asunto que no está en real disputa es que, habiendo el apelante presentado la demanda ante el TPI el 25 de abril de 2023, diligenció el emplazamiento al Secretario de Justicia, el 4 de mayo de 2023. Por tanto, se debe entender que el apelante cumplió con diligenciar el emplazamiento de manera oportuna, pues fue efectuado dentro del término de ciento veinte días (120) que establece la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). Además, según consta en

el *Certificado de diligenciamiento por el (la) Alguacil*[2], en la referida fecha el Alguacil que se ocupó de diligenciar el emplazamiento en el DJ, le hizo entrega personal a una agente autorizada del Secretario de Justicia, la licenciada Susana Peñagarícano, Secretaria Auxiliar de lo Civil.

Dispuesto lo anterior, quedaría por determinar qué efecto, si alguno, tuvo sobre la jurisdicción de la persona, que la parte identificara como demandada en el referido emplazamiento al Departamento de la Familia, en lugar del ELA.

Nuestro ordenamiento procesal civil le reconoce la facultad discrecional al TPI de permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento. Los errores o defectos que se pueden enmendar, bajo la Regla 4.8 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.8, son aquellos errores de forma que, tal y como surge de la jurisprudencia, recaen sobre el nombre del demandado. Lo fundamental es que pueda concluirse que la parte a quien se dirige el emplazamiento sea realmente notificada de la reclamación en su contra, no se perjudiquen sustancialmente sus derechos esenciales, y haya respondido la reclamación. Ver, *Caribbean Orthopedics v. Medshape, Invc.*, 207 DPR 994 (2021); *León García* v. *Restaurante El Tropical*, 154 D.P.R. 249 (2001). Cónsono con lo cual, procede conceder una enmienda al emplazamiento cuando esto no tenga el efecto de sustituir o incluir partes nuevas al procedimiento que no han sido emplazadas y sobre las cuales el tribunal no ha adquirido jurisdicción, y cuando no haya duda alguna en cuanto a la intención del demandante respecto a la persona que ha tenido interés en demandar, habiéndose emplazado efectivamente a dicho demandado o agente autorizado al efecto. *Íd.* Juzgamos que en el caso ante nosotros se daban todas las circunstancias para que el TPI

---

[2] Anejo 4 del *recurso de apelación*.

autorizara la enmienda del emplazamiento para que el lugar del DF en la demanda fuera ocupado por el ELA.

Aunque resulte reiterativo, ya hemos dicho que el defecto identificado por el TPI para desestimar la causa de acción por defecto en el emplazamiento consistió en el nombre que eligió poner el apelante en el epígrafe de la demanda, DF en lugar del ELA. Sin embargo, al estudiar el tracto procesal del caso resulta una fácil conclusión, que esta omisión no le causó perjuicio alguno al ELA, puesto que el Secretario de Justicia fue debidamente emplazado y enterado de la causa de acción iniciada contra una de las agencias públicas, el DF, que le corresponde representar. Cuando se trata de una situación en que se ha consignado en forma inapropiada el nombre de la persona que realmente se desea demandar, ha sido decidido que ello debe considerarse como mero error técnico, especialmente si se ha emplazado en realidad a la persona que se tiene interés en demandar o a su agente autorizado. Además, no hay duda alguna de la intención del apelante respecto a la persona que ha tenido interés en demandar, habiendo sido efectivamente emplazado su agente, sin la pretensión de incluir o sustituir a una parte. *Caribbean Orthopedics v. Medshape, Invc.*, supra. En este sentido, reputamos la omisión del ELA en este contexto como un error técnico enmendable.

Por último, sobre este tema, habiéndose diligenciado el emplazamiento dentro del término de ciento veinte (120) días dispuesto por la Regla 4.3(c) de Procedimiento Civil, supra, el foro primario tenía discreción para ordenar la enmienda. *Caribbean Orthopedics v. Medshape, Invc.*, supra. Utilizando las palabras exactas de nuestro Tribunal Supremo en la Opinión citada, *el foro primario tiene discreción para ordenar la enmienda de un emplazamiento pasado el término de 120 días para emplazar que disponen nuestra Reglas de Procedimiento Civil,*

*siempre y cuando el diligenciamiento del emplazamiento original se haya efectuado durante ese plazo. Íd.*

b.

En su segundo señalamiento de error, el señor Rivera Ortiz arguye que incidió el foro primario al interpretar que la ley USERRA no le confiere jurisdicción a los tribunales estatales, cuando el gobierno es el empleador. Tal no fue la interpretación del foro apelado, sino más bien que, por disposición de ley especial, la jurisdicción primaria exclusiva para atender la causa de acción del apelante le fue delegada al CASP, no al tribunal.

Según citamos en la exposición de derecho, la ley USERRA establece que, en el caso de que sea presentada una acción en contra del Estado como empleador, debe ser incoada *in a State court of competent jurisdiction **in accordance with the laws of the State**.* (Énfasis suplido). USERRA sec. 4323(b), supra. Es decir, no hay duda de que dicha legislación le reconoce autoridad a los tribunales de Puerto Rico para velar por el cumplimiento del mandato que de allí dimana. No obstante, y según subrayamos al citar la porción de la ley bajo discusión pertinente, la determinación sobre el foro adecuado para dilucidar una controversia al amparo de dicha ley debe considerar las leyes del Estado, en este caso Puerto Rico, referente a dicha materia, de modo que el proceso se conduzca *in accordance with the laws of the State.*

En la Sentencia apelada el tribunal a quo hizo un certero análisis sobre la legislación federal citada en su aplicación al caso de autos, aunque como veremos, incidió en el remedio concedido. Explicó dicho foro primario, con corrección, que el Artículo 2 del Plan de Reorganización Núm. 2-2010, supra, establece que la CASP tendrá la jurisdicción exclusiva para atender controversias que estén relacionadas con decisiones o acciones tomadas por las agencias que violen algún

derecho adquirido por el empleado en virtud de las disposiciones de la Ley Núm 82017. En este caso, el señor Rivera Ortiz no es empleado público, sino un solicitante que fue rechazado para el puesto vacante. Sin embargo, el Artículo 12 del Plan de Reorganización Núm. 2-2010, *supra*, le confiere jurisdicción exclusiva a la CASP para atender una solicitud de apelación de parte de un ciudadano que alegue que una acción o decisión tomada por una agencia le **ha quebrantado su derecho a competir o ingresar al Sistema de Administración de los Recursos Humanos**, de conformidad con el principio de mérito. Es decir, la ley provee protección a los ciudadanos en la etapa de reclutamiento y selección previo a ingresar formalmente como empleado gubernamental, y cuando alguno de estos alegue que tal principio ha sido violentado, nuestro ordenamiento ha dispuesto expresamente que la jurisdicción exclusiva para dilucidar tal controversia recae en la CASP.

En término breves, el DF es un Administrador Individual para fines de la Ley bajo discusión, que necesariamente tiene que adherirse al principio de méritos al ejercer el reclutamiento de los empleados públicos. Las controversias sobre lesiones al principio de méritos por los cuales deben conducirse los Administradores Individuales tienen como foro primario exclusivo a la CASP, por disposición expresa de ley. La causa de acción instada por el apelante es una relacionada al proceso de reclutamiento del DF, *ergo*, bajo la jurisdicción primaria exclusiva del CASP.

En definitiva, cumplir con la aplicación de USERRA en este contexto comporta reconocer que la ley en Puerto Rico ha designado a la CASP como el foro con jurisdicción primaria exclusiva. En consecuencia, es ante dicho foro administrativo donde el señor Rivera Ortiz correspondía instar su acción.

Sin embargo, a pesar del TPI haber efectuado una interpretación de la ley USERRA conforme a derecho, -al determinar que la jurisdicción para dirimir la controversia correspondía a la CASP-, decidió desestimar la causa de acción instada por el apelante. Al así decidir el foro primario erró, puesto que le correspondía referir el asunto a la CASP, antes que desestimarlo. El remedio concedido por el foro primario fue inadecuado. Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular* v. *S.LG. Negrón,* 164 DPR 855, 874 (2005*); Rivera et al.* v. *Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González* v. *First Fed. Savs.*, 132 DPR 1042, 1052 (1993). Desestimar un caso por un error técnico, habiendo notificado sobre la acción a la persona correcta, y no habiendo causado perjuicio a las partes, no responde a la política judicial y pública antes mencionada. La desestimación debe ser la última medida utilizada por el Tribunal.

**IV. Parte dispositiva**

Por los fundamentos expuestos, procede modificar la Sentencia apelada, según lo aquí explicado. En consonancia, se devuelve el asunto al Tribunal de Primera Instancia para que ordene remitir el asunto al foro apropiado, la CASP, y archive el caso hasta tanto el foro administrativo lo concluya.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones